IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:25-cr-169 |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE (DOC. 48)** |
| RICHARD DAVID FLEISCH, | |
| Defendant. | |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, provides this response in opposition to Defendant's Motion to Modify Conditions of Pretrial Release. (Doc. 48.)

Defendant seeks retroactive permission from this Court to reside at 725 Countryside Trailer Court, Fargo, ND (the "Residence"). This request comes after Defendant has already moved into the Residence without prior approval from Pretrial Services or this Court. The United States has consistently maintained—from the initial detention hearing through all subsequent proceedings—that Defendant's pretrial release is not appropriate given the presumption of detention, the serious nature of the charged offenses and the minimum mandatory associated with it, Defendant's criminal history, and the strength of the United States' case in that several kilograms of cocaine and a firearm being located in Defendant's bedroom. (Doc. 10; see also Doc. 1.) Defendant's unilateral action renders the current motion largely moot and further demonstrates his unwillingness to abide by the Court's authority and the conditions of release.

The relief requested has already been obtained by Defendant. A motion seeking permission for an action that has already occurred presents a moot issue. See, e.g., Already, LLC v. Nike, Inc., 568 U.S. 85 (2013) (a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome). The Court cannot grant "permission" for conduct that has already taken place.

Even if the motion were not moot, it should be denied on the merits. Defendant's decision to move without prior approval:

- Violates the spirit and likely the letter of the existing release conditions requiring approval of residence changes;

- Demonstrates a lack of respect for the Court's authority and the supervisory role of Pretrial Services; and

- Undermines the United States' ongoing position that Defendant cannot be trusted to comply with release conditions.

The United States continues to believe that no set of conditions can reasonably assure Defendant's appearance or the safety of the community. Defendant's recent conduct only reinforces that position.

Should the Court be inclined to consider the motion, the United States requests that any approval be conditioned upon enhanced electronic monitoring, increased reporting, curfew restrictions, or a prohibition on certain visitors. The United States further requests that the Court warn Defendant that any future violations will result in immediate revocation of release and issuance of a warrant.

2

For the foregoing reasons, the United States respectfully requests that Defendant's Motion to Modify Conditions of Release be denied. The United States further requests that the Court reaffirm Defendant's obligations under the existing conditions of release and caution him against future unilateral actions.

Dated: May 12, 2026

NICHOLAS W. CHASE
United States Attorney

By:    /s/ *Dawn M. Deitz*
DAWN M. DEITZ
Assistant United States Attorney
ND Bar ID 06534
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
dawn.deitz@usdoj.gov
Attorney for United States